

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND ROBLES,

       Petitioner - Appellant,

v.

ELVIN VALENZUELA, Warden,

       Respondent - Appellee.

No. 14-55803

D.C. No. 2:13-CV-04429-CAS-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 7, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Raymond Robles appeals the district court's denial of his petition for habeas corpus relief. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the district court judgment.

Robles argues that his case warrants habeas relief because the state court unreasonably applied federal law and made an unreasonable determination of fact in concluding that his statements to law enforcement officers acting in an undercover capacity at the jail where Robles was incarcerated were not coerced. *See* 28 U.S.C. 2254(d). We affirm the district court judgment, however, because the undercover officers did not threaten Robles or otherwise compel him to speak against his will. *See Illinois v. Perkins*, 496 U.S. 292, 294, 300 (1990). Accordingly, we cannot say that the state court unreasonably applied the law or unreasonably determined the facts in finding that Robles believed he was speaking to an experienced criminal who could help him with his story, thus motivating Robles to speak freely and precluding a finding that his statements were coerced. Additionally, the state court's failure to expressly address Robles' physical characteristics does not warrant a finding that the state court unreasonably applied federal law. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000). In light of our deferential review under AEDPA, we conclude that the state court did not

unreasonably apply federal law or make an unreasonable determination of fact in regard to Robles' statements, and habeas relief is not warranted.

**AFFIRMED.**